United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kevin Karpel, Plaintiff, | ) <br> ) |
| v. | ) <br> ) Civil Action No. 21-24168-Civ-Scola <br> ) |
| Knauf Gips KG, et al., Defendants. | ) |

**Order Awarding Attorneys' Fees Pursuant**
**To Order Granting Defendants' Motion For Sanctions**

This cause comes before the Court upon Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd (f/k/a Knauf Plasterboard (Tianjin) Co., Ltd.)'s (collectively, the "Knauf Defendants") Motion for Sanctions (ECF No. 96), the Court's prior Order Granting Defendants' Motion for Sanctions (ECF No. 114), and the Knauf Defendants' Notice of Filing Proposed Order, Declarations, and Billing Records in Support of Award of Attorneys' Fees (the "Notice") (ECF No. 118).

Having considered the foregoing materials, the objections submitted by Plaintiffs' counsel (James Doyle, Sr., James Doyle, Jr., and The Doyle Law Firm, collectively, "Plaintiffs' Counsel") (ECF No. 121), and the Knauf Defendants' reply (ECF No. 126), the Court **orders** that the Knauf Defendants are awarded **$8,171.20** in attorneys' fees against Plaintiffs' counsel, as set forth below.

1. **Background**

The Plaintiffs in this case and other Related Cases[1] asserted claims against the Knauf Defendants alleging that the Knauf Defendants manufactured and sold defective Chinese-manufactured drywall that was present in and caused damage to Plaintiffs' homes and other property. These Related Cases were litigated in a multidistrict litigation in the United States District Court for the Eastern District of Louisiana, MDL. No. 2047, and later remanded and transferred to this Court for the purpose of scheduling and conducting individual trials of the Related Cases.

As described in the Order Granting Defendants' Motion for Sanctions, Plaintiffs' Counsel failed to comply with multiple Court Orders and failed to confer with counsel for the Knauf Defendants in connection with complying with

---

[1] The Related Cases are: Case No. 21-cv-24168-RNS; Case No. 21-cv-24171-RNS; Case No. 21-cv-24172-RNS; Case No. 21-cv-24179-RNS; Case No. 21-cv-24181-RNS; Case No. 21-cv-24186-RNS; Case No. 21-cv-24188-RNS; Case No. 21-cv-24191-RNS; Case No. 21-cv-24192-RNS; Case No. 21-cv-24196-RNS; Case No. 21-cv-24200-RNS; Case No. 21-cv-24201-RNS; Case No. 21-cv-24202-RNS; Case No. 21-cv-24204-RNS; Case No. 21-cv-24206-RNS; Case No. 21-cv-24208-RNS; Case No. 21-cv-24210-RNS; Case No. 21-cv-24211-RNS; Case No. 21-cv-24213-RNS; Case No. 21-cv-24214-RNS; Case No. 21-cv-24216-RNS; Case No. 21-cv-24215-RNS; and Case No. 21-cv-24217-RNS.

deadlines in this Court's Amended Scheduling Order (ECF No. 43), including by failing to confer and cooperate with counsel for the Knauf Defendants in preparing and filing pretrial stipulations for the Related Cases, which were due to be filed on November 7, 2022, and again on November 10, 2022, following a show cause order to Plaintiffs' Counsel. (ECF Nos. 43 at 2-4, 91.)

Based on this conduct by Plaintiffs' Counsel, the Knauf Defendants filed the Motion for Sanctions (ECF No. 96), seeking, among other relief, an award of attorneys' fees the Knauf Defendants incurred in attempting to confer with Plaintiffs' Counsel regarding these pretrial stipulations. In the Order Granting Defendants' Motion for Sanctions, the Court exercised its discretion by dismissing without prejudice this and the other Related Cases from its docket, and assessing against Plaintiffs' Counsel reasonable attorneys' fees for the time the Knauf Defendants' counsel spent attempting to confer with Plaintiffs' counsel in connection with the pretrial stipulations, both before and after the November 7th deadline. (ECF No. 114 at 5.)

The Court further instructed counsel for the Knauf Defendants, if they deemed appropriate or necessary, to file a proposed order awarding the attorneys' fees described in the Order Granting Defendants' Motion for Sanctions no later than December 15, 2022. (*Id.*) On December 15, 2022, the Knauf Defendants filed their Notice of Filing Proposed Order, Declarations, and Billing Records in Support of Award of Attorneys' Fees. (ECF No. 118.) In that notice, the Knauf Defendants included time records reflecting the time spent attempting to confer with Plaintiffs' Counsel in connection with the pretrial stipulations and Motion for Sanctions, along with declarations from counsel attesting to the reasonableness of these fees.

### 2. Award of Attorneys' Fees

The Knauf Defendants seek $10,516.00 in attorneys' fees for work performed by the following attorneys: (1) Kerry J. Miller, Daniel J. Dysart, and Rebekka C. Veith from the law firm of Fishman Haygood, LLP; and (2) Timothy A. Kolaya and Jennifer Hernandez from the law firm of Stumphauzer Kolaya Nadler & Sloman, PLLC.[2] As described in the Notice, this amount reflects the Knauf Defendants' twenty percent (20%) voluntary reduction from a total amount of $13,145.00 in attorneys' fees they incurred to account for any potentially excessive, duplicative, redundant or otherwise unnecessary hours.

Under Eleventh Circuit precedent, district courts apply the "lodestar" method in calculating the amount of an attorneys' fees award. *See Norman v.*

---

[2] The Knauf Defendants request attorneys' fees for work performed as follows:
  1. Kerry J. Miller, 2.5 hours at $475.00 per hour;
  2. Daniel J. Dysart, 13.6 hours at $365.00 per hour;
  3. Rebekka C. Veith, 5.9 hours at $365.00 per hour;
  4. Timothy A. Kolaya, 7.0 hours at $595.00 per hour; and
  5. Jennifer Hernandez, 1.8 hours at $375.00 per hour.

*Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). This method involves a three-step process:

> [F]irst, the Court must calculate the reasonable hourly rate for the professionals involved in the case, second, the Court must determine the number of hours reasonably expended, and third, after calculating the lodestar, *i.e.* the number of hours reasonably expended multiplied by the reasonable hourly rate, the Court must make any necessary adjustments to the lodestar . . . .

*Houston Specialty Ins. Co. v. Vaughn*, No. 8:14-cv-1187, 2017 WL 6759709, at *1 (M.D. Fla. Dec. 29, 2017) (citing *Norman*, 836 F.2d at 1298-1303).

The Knauf Defendants seek an hourly rate of $475.00 for Kerry Miller, $365.00 for Danny Dysart, $365.00 for Rebekka Veith, $595.00 for Timothy A. Kolaya, and $375.00 for Jennifer Hernandez. The Knauf Defendants submitted declarations in support of the requested hourly rates. These rates are squarely within the range of rates approved by the Eleventh Circuit and regularly approved in the Southern District in matters of similar complexity. *See, e.g.*, *Domond v. PeopleNetwork APS*, 750 Fed. Appx. 844, 848 (11th Cir. 2018) (determining that average partner rate of $655 was reasonable); *Celsius Holdings, Inc. v. A SHOC Beverage, LLC*, 21-80740-CV, 2022 WL 3568042, at *4 (S.D. Fla. July 19, 2022) (Middlebrooks, J.) (approving rates ranging from $375 for associates to $700 for partners).

Based on the Court's review of the declarations the Knauf Defendants have submitted and the Court's familiarity with the prevailing market rate in this District, the Court finds these hourly rates to be reasonable.

The Court must next determine the reasonableness of the hours expended by the Knauf Defendants in conferring with Plaintiffs' Counsel on the issues described in the Motion for Sanctions. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation. *See id.* So that the Court may accurately determine the amount of fees to be awarded, the fee applicant must provide specific and detailed evidence. *Id.*

As reflected in the declarations and attached time records they submitted, the Knauf Defendants seek an award of attorney fees for 30.8 hours of legal work related to attempting to confer with Plaintiffs' Counsel regarding the preparation of joint pretrial stipulations, preparing and filing unilateral pretrial stipulations, attempting to confer with Plaintiffs' counsel again after the Court ordered Plaintiffs' Counsel to confer with counsel for the Knauf Defendants and file pretrial stipulations by the new extended deadline, and filing the Motion for Sanctions.

Having carefully reviewed these entries, the Court finds that these entries reflect a reasonable number of hours for the amount of work performed.

However, as Plaintiffs' counsel partially points out, seven hours of the time entries relate to tasks such as reviewing and drafting the motion for sanctions (3.4 hours from Mr. Dysart, 1.6 hours from Ms. Veith, 0.7 hours from Mr. Miller, and 1.3 hours from Mr. Kolaya). The Court only authorized the Knauf Defendants to seek recovery of the fees associated with their efforts expended on the pretrial stipulations—not their motion for sanctions. So, the Court will not award fees relating to the motion. This represents a reduction of $2,157.50 to the fees assessed by Fishman Haygood, LLP and a reduction of $773.50 to those charged by Stumphauzer Kolaya Nadler & Sloman, PLLC, prior to the additional twenty percent voluntary reduction that the Knauf Defendants have applied to account for any potentially excessive, duplicative, redundant or unnecessary hours.

The Court finds that twenty percent reduction to be reasonable under the circumstances, and further finds that the adjusted number of hours the Knauf Defendants are requesting is appropriate.

The Court disagrees with Plaintiffs' Counsel's suggestion that the remaining time entries are excessive to the extent they represent tasks that would have been completed in the standard course of litigation. The Court is awarding these fees, after all, precisely because the Knauf Defendants followed the standard course of litigation whereas Plaintiffs' Counsel did not.

So, in sum, the Court awards the Knauf Defendants an adjusted amount of $8,171.20, which represents $4,918.00 in fees charged by Fishman Haygood, LLP and $3,253.20 in fees charged by Stumphauzer Kolaya Nadler & Sloman, PLLC.

### 3. Conclusion

Based on the foregoing, it is **ordered** that the Knauf Defendants are awarded attorneys' fees in the **amount of $8,171.20**, which are to be assessed against Plaintiffs' Counsel—James Doyle, Sr., James Doyle, Jr., and The Doyle Law Firm—who are jointly and severally liable for paying this amount to the Knauf Defendants.

**Done and ordered** in chambers in Miami, Florida, on January 3, 2023.

_____
Robert N. Scola, Jr.
United States District Judge