United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kevin Karpel, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-24168-Civ-Scola |
| | ) |
| Knauf Gips KG, et al., Defendants. | ) |

### Order on Motion to Amend Pleadings by Interlineation

This matter is before the Court on the parties' joint stipulation of facts and motion to amend pleadings by interlineation. (ECF No. 136.) On April 28, 2023, the United States Court of Appeals for the Eleventh Circuit remanded this matter to the Court "for the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction exist[s]." (ECF No. 134.) On May 1, 2023, the Court issued an order directing the parties to file a joint stipulation of facts and motion to amend pleadings to address the pleading deficiencies identified by the Eleventh Circuit. (ECF No. 135.) The Court's order specified that the parties should set forth in detail the allegations as to the citizenship of the Defendants Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. (collectively, the "Knauf Defendants") that the parties wish to incorporate into an amended complaint. In response, the parties filed the joint stipulation of facts and motion to amend pleadings that is the subject of the instant order. (ECF No. 136.) Because the parties' filing still fails to adequately set forth the Knauf Defendants' citizenship, the Court **denies** their motion, **without prejudice**. (**ECF No. 136**.)

To begin, the parties' joint stipulation of facts consistently fails to specify the type of entity being listed. For example, the parties state that the Defendant Knauf New Building System (Tianjin) Co. Ltd. is "a Chinese entity," that its owner, Knauf Singarporte Pte. Ltd., is "a Singaporean entity," and that that entity's owner, Knauf International GmbH, is a "German company." (Joint Stip. ¶¶ 7(b), 7(c), 7(d), ECF No. 136.) The parties do not clarify whether any of these are corporations, proprietorships, partnerships, or some other entities. The type of entity, of course, has an impact on the Court's analysis of whether diversity jurisdiction exists. *E.g.*, Carden v. Arkoma Assocs., 494 U.S. 185, 189-190 (1990) (pointing out the differences in how various entities are treated for the purposes of assessing diversity jurisdiction). For example, while "a foreign corporation . . . is a citizen for diversity jurisdiction purposes of the country where it is chartered and of the state where it has its principal place of business," *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010), "[t]o

sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership[,]" *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

In addition, even if the Court were to assume, based on the nature of the parties' allegations, that all the entities listed are unincorporated business entities, the joint stipulation also fails to plead their citizenship with sufficient specificity. For one, while the parties consistently list the "owners" of the entities at issue, it is unclear to the Court whether these are the same as those entities' members or partners. The Court will not assume that the entities' "owners" are the same as their members or partners, especially given the fact that these are foreign entities and that, as noted, the Court lacks clarity on what type of entities they are. Similarly, at one point the parties merely state that one of the entity's "ultimate owners are German, Belgian, and Austrian citizens." (Joint Stip. ¶ 7(f), ECF No. 136.) But the parties fail to specify if these owners are themselves entities or individuals. While the Court may guess that the parties are referring to the latter, it will not assume so.

Accordingly, the Court **denies** the parties' joint motion to amend the pleadings by interlineation, **without prejudice**. (**ECF No. 136**.) On or before **May 24, 2023**, the parties shall file an amended joint stipulation of facts and motion to amend pleadings correcting the issues identified in this order. Given that the amended filing will be the parties' third attempt to adequately address diversity jurisdiction, and that they have been on notice from both the Eleventh Circuit and this Court as to the importance of being careful and detailed in their diversity allegations, the Court warns the parties that failure to remedy the issues identified herein may result in dismissal.

**Done and ordered** at Miami, Florida on May 17, 2023.

Robert N. Scola, Jr.
United States District Judge