United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Kevin Karpel, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-24168-Civ-Scola |
| | ) | |
| Knauf Gips KG, et al., Defendants. | ) | |

### Order on Renewed Joint Motion to Amend Pleadings by Interlineation

This matter is before the Court on the parties' joint stipulation of facts and renewed joint motion to amend pleadings by interlineation. (ECF No. 140.) On April 28, 2023, the United States Court of Appeals for the Eleventh Circuit remanded this matter to the Court "for the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction exist[s]." (ECF No. 134.) On May 1, 2023, the Court issued an order directing the parties to file a joint stipulation of facts and motion to amend pleadings to address the pleading deficiencies identified by the Eleventh Circuit. (ECF No. 135.) The Court's order specified that the parties should set forth in detail the citizenship allegations that they wished to incorporate into an amended complaint. (*Id.*) The parties responded by filing a joint stipulation of facts and motion to amend pleadings that attempted to address the citizenship of the Defendants Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd. (collectively, the "Knauf Defendants"). (ECF No. 136.) However, on May 17, 2023, the Court issued an order denying the parties' joint motion, without prejudice, and requiring them to file an amended joint stipulation and motion that corrected the issues identified in the order. (ECF No. 137.) The parties then filed the joint stipulation of facts and renewed joint motion to amend pleadings that is the subject of the instant order. (ECF No. 140.) The parties' joint submission is their third attempt to adequately address diversity jurisdiction. Notwithstanding this, as explained below, the parties' filing once again fails to adequately set forth the Knauf Defendants' citizenship. Accordingly, the Court **denies** their motion, **without prejudice**, and grants them one *last* opportunity to allege diversity jurisdiction. (**ECF No. 140**.)

The Court's May 17th order denying the parties' first motion to amend pleadings explained that their submission consistently failed to specify the type of entity being listed. (ECF No. 137.) While the parties' renewed motion attempts to correct this by identifying each entity at issue as either a limited partnership, limited company, limited liability company, or limited commercial

partnership, it consistently fails to tailor its citizenship allegations to each entity type, in turn creating confusion for the Court.

For one, the Court's former order specified that "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the **members** of the limited liability company and all the **partners** of the limited partnership." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (emphasis added). In addition, it explained that "while the parties [had] consistently list[ed] the 'owners' of the entities at issue, . . . [t]he Court w[ould] not assume that the entities' 'owners' are the same as their members or partners[.]" (ECF No. 137.) Notwithstanding this, the parties' renewed motion once again lists the "owners," instead of the partners, of the Defendant Knauf Gips KG, a "German limited partnership." (Ren. Joint Stip. ¶ 7(a), ECF No. 140.) But "allegations regarding ownership do[] not necessarily permit the court to conclude that plaintiff and defendants are diverse for purposes of subject matter jurisdiction, because it is [partnership], not ownership, that is critical for determining the citizenship of" a limited partnership. *See Jiangmen Benlida Printed Circuit Co. v. Circuitronix, LLC*, Civil Action No. 21-60125-Civ, 2021 U.S. Dist. LEXIS 11704, at *2-4 (S.D. Fla. Jan. 21, 2021) (Scola, J.) (cleaned up) ("Much as it does for the LLC parties, however, [the Plaintiff] only describes the ownership of the partnership. Again, while it very well may be that the owners are also the partners, [the Plaintiff] must make that clear."); *see also Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 381-82, 136 S. Ct. 1012, 1015 (2016) ("[W]e have identified . . . the members of a partnership as its partners[.]").

Moreover, the parties' submission as to the "owners" of the Defendant Knauf Gips KG is further clouded by the fact that they *do* list the "partners" of Gebr. Knauf KG, another entity whose name ends with the same abbreviation (*i.e.*, "KG"), but which they identify as a "German limited *commercial* partnership" instead. (Ren. Joint Stip. ¶ 7(e), ECF No. 140 (emphasis added).) The parties offer no explanation for why they treat these two entities differently in their allegations. Is the Court meant to infer, for instance, that there is a significant distinction between German limited partnerships and German limited *commercial* partnerships for purposes of diversity allegations? If so, are "owners" of the former equivalent to "partners" of the latter? The answers to these questions are wholly unclear.

Similarly, where before the parties merely alleged that the Defendant Knauf New Building System (Tianjin) Co. Ltd. is "a Chinese entity" whose "owner is Knauf Singapore Pte. Ltd." (Joint Stip. ¶ 7(b), ECF No. 136), they now claim that it is "a Chinese *limited company*" whose "sole *shareholder* is Knauf Singapore Pte. Ltd." (Ren. Joint Stip. ¶ 7(b), ECF No. 140 (emphasis added)),

which, in turn, "is a Singaporean *limited company*" whose "sole *shareholder* is Knauf International GmbH" (*Id.* ¶ 7(c) (emphasis added)). There are at least two issues with these new allegations. First, the parties fail to specify whether each of these foreign "limited companies" is more akin to a corporation or a limited liability company. The true nature of a foreign limited company may vary depending on its treatment in the country of origin. *See Serendipity at Sea, LLC v. Underwriters at Lloyd's of London*, No. 21-11733-AA, 2022 U.S. App. LEXIS 2512, at *6-7 (11th Cir. Jan. 26, 2022) (treating "a United Kingdom private limited company as a foreign corporation for purposes of diversity allegations"); *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019) ("To account for linguistic and other differences between domestic and foreign business laws and the fact that other nations do not necessarily call entities that are in effect corporations by that name, a court examines whether the foreign entity is equivalent in all legally material respects to a corporation under state law."); *Signeo USA, LLC v. Am. Arbitration Ass'n*, No. 6:13-cv-292-Orl-18KRS, 2013 U.S. Dist. LEXIS 37708, at *1 (M.D. Fla. Feb. 28, 2013) ("[The Plaintiff] did not allege whether a 'limited company' is in the nature of a corporation or in the nature of a limited liability company."). And, as the Court noted in its former order denying the parties' initial joint motion to amend the pleadings, the type of entity, of course, has an impact on the Court's analysis of whether diversity jurisdiction exists. (ECF No. 137.)

Moreover, even assuming that these limited companies are of one entity type or the other, the parties' allegations *still* fail to adequately allege their citizenship. A foreign corporation is considered a citizen of "every State or foreign state where the company is incorporated and [of] the State or foreign state where the company has its worldwide principal place of business." *Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018). While the parties allege that Knauf New Building System (Tianjin) Co. Ltd. has its principal place of business in China, and that Knauf Singapore Pte. Ltd.'s principal place of business is in Singapore, they fail to specifically allege where either of these entities are incorporated. (*See* Ren. Joint Stip. ¶¶ 7(b), 7(c), ECF No. 140.) In addition, if it turns out the entities are instead limited liability companies, the parties allege only each entity's "shareholder," instead of their member(s). In doing so (as with their allegations pertaining to the "ownership" of the Defendant Knauf Gips KG), the parties make no effort whatsoever to explain whether being a "shareholder" in either entity is akin to being a "member" of a limited liability company in the United States. The parties further compound the error by specifying that another of the entities at issue, Knauf International GmbH, is indeed "a German limited liability company" with "members or

shareholders," suggesting that in some instances, but not all, the parties use the latter terms interchangeably. (*See id.* ¶ 7(d).)

In addition, the parties' allegations as to the partners of Gebr. Knauf KG, the German limited commercial partnership, are also deficient in various ways. (*See id.* ¶ 7(e).) While the Court appreciates the parties' efforts to organize this partnership information into the chart attached as Exhibit 1 to their renewed motion, it is not enough for them to merely label the last column as "shareholders, members, partners, & beneficiaries," as they have done, without specifying what role each individual and/or entity plays. As stated on numerous occasions now, the Court will not assume, without further explanation from the parties, that, for example, a shareholder or beneficiary is the same as a member or partner. (*See generally* Ex. 1 to Ren. Joint Stip., ECF No. 140-1.)

Finally, the parties' allegations as to the citizenship of the German trust partners specifically are deficient because they completely fail to address the nature of the trusts at issue. While "a traditional trust holds the citizenship of its *trustee*, not of its beneficiaries[,]" the determination of "whether a trust is traditional requires us to refer to the law of the state where the trust is formed." *See Alliant Tax Credit 31 v. Murphy*, 924 F.3d 1134, 1143-44 (11th Cir. 2019) (cleaned up). Thus, "where the citizenship of a trust must be determined, it is necessary to determine whether the entity has the characteristics of a traditional trust, in which the trustee possesses certain customary powers and is the real party in interest, or whether the entity is an unincorporated artificial entity with rights in or control to the trust." *Bluestarexpo, Inc. v. Enis*, Civil Action No. 21-20875-Civ-Scola, 2021 U.S. Dist. LEXIS 41477, at *3 (S.D. Fla. Mar. 5, 2021) (Scola, J.) (quotations omitted). The parties make no effort to address whether the trustees or the beneficiaries are the relevant entities or individuals for the purpose of identifying the citizenship of the trusts in this case. Moreover, if the trustees turn out to be relevant, the parties have not adequately alleged their citizenship because the parties state only that each trust has "a German citizen as trustee," and fail to allege whether these purported German citizens are themselves entities or individuals, or to set forth the unique citizenship allegations required of each.

For the reasons explained, the Court **denies** the parties' renewed joint motion to amend the pleadings by interlineation, **without prejudice**. (**ECF No. 140**.) The Court will afford the parties one *final* chance to properly allege the Court's subject-matter jurisdiction. If the parties wish to proceed with this case, they must file a new joint stipulation of facts and renewed joint motion to amend pleadings by interlineation which adequately addresses the Court's concerns, as presented both in this order and in the Court's previous order, on

or before **June 13, 2023**. If the parties fail to submit their new filing by that date, or if that filing fails to supply the facts necessary to establish jurisdiction, the Court will dismiss this case without prejudice.

**Done and ordered** at Miami, Florida on June 6, 2023.

_____
Robert N. Scola, Jr.
United States District Judge